# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TERRY B SMITH,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| **V.** | )   **4:20-CV-01083-CLM** |
| | ) |
| **CAVALRY SPV I, LLC;** | )   **JURY TRIAL DEMANDED** |
| **CAVALRY PORTFOLIO** | ) |
| **SERVICES, LLC** | ) |
| | |
|     **DEFENDANTS.** | |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Terry B Smith, by and through undersigned counsel, and for his complaint states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Cherokee County, and is over the age of twenty-one (21) years.

3. Defendant Cavalry SPV I, LLC ("Cavalry") is, and at all times pertinent herein was, a foreign limited liability company or other legal entity

organized under the laws of the State of Delaware. Plaintiff asserts that, upon information and belief, Defendant Cavalry is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6). Cavalry has no employees. Rather, Cavalry's accounts, including upon information and belief, the account at issue in this case, are serviced by Defendant Cavalry Portfolio Services, LLC.

4. Defendant, Cavalry Portfolio Services, LLC ("CPS" or collectively with Cavalry as "The Defendants"), is a foreign limited partnership or other legal entity organized under the laws of the State of Delaware. CPS was, in all respects and at all times relevant herein, doing business in the state of Alabama, and was at all relevant times registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Cherokee County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, CPS is the servicer of accounts, including the account at issue in this case, for Cavalry SPV I, LLC.

5. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. On September 30, 2019, Defendants brought a lawsuit against Plaintiff in the Small Claims Court of Cherokee County, Alabama alleging Cavalry

owned a delinquent account between Plaintiff and Citibank, N.A., an entity not a party to this lawsuit.

7. That lawsuit was assigned case number 13-SM-2019-900391.00.

8. Cavalry claimed Plaintiff owed it $1,287.19.

9. Attached to the lawsuit was an affidavit signed by Kimberly Thompson, an employee of Defendant CPS. The affidavit stated that Kimberly Thompson was familiar with the method by which CPS, on behalf of Cavalry SPV I, LLC creates and maintains business records pertaining to the account allegedly belonging to Plaintiff. Additionally, the affidavit claimed that Plaintiff owed $1,287.19.

10. Plaintiff alleges that Kimberly Thompson has no personal knowledge of the statements made in the affidavit filed along with the lawsuit and that the affidavit contains false statements.

11. Plaintiff alleges that the "business records" Kimberly Thompson purportedly reviewed were records of Citibank, N.A. Plaintiff alleges that Kimberly Thompson could not and cannot testify regarding the creation or maintenance of Citibank, N.A.'s business records and that she lacks personal knowledge of how those business records are prepared or maintained.

12. The case filed against Plaintiff is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example

of the unfair and intentionally illegal business model that Defendants have put into place which violate the Fair Debt Collection Practices Act.

13. Plaintiff has never done business with Defendants and has never owed Defendants any money.

14. Each year Defendants file or cause to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims they allege; with the knowledge that it will not call any witnesses to testify on their behalf at trial and knowing that they would not be able to offer competent evidence at trial.

15. The pattern and practice of Defendants is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the complaints Defendants file or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Defendants know they has no witnesses and no competent evidence to prove their claims.

16. Defendants' actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations under the Rules of Civil Procedure or to provide the necessary witnesses to prove its allegations.

17. Once Plaintiff retained counsel and filed an answer denying the allegations, Defendants realized they would not be able to obtain a default judgment or coerce a settlement and therefore failed to pursue a final order thus causing the lawsuit to be dismissed for such inaction.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

18. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

19. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

20. As a result of the Defendants' actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANTS

21. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

22. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

23. The Defendants knew or should have known that said conduct was improper.

24. The Defendants negligently failed to prevent and/or participated in improper collection activities.

25. As a result of The Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and other mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS

26. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

27. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendants knew or should have known that said conduct was improper.

30. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

31. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and other mental anguish.

## COUNT FOUR
## ABUSE OF PROCESS

32.     The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

33.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

34.     Defendants filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debt and that Plaintiff was indebted to Defendants.

35.     Defendants never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

36.     The ulterior purpose was to attempt to force Plaintiff into paying Defendants.

37.     Defendants were aware, at the time the lawsuit was filed, that they would never attempt to prove their claims and would never bring witnesses to Court or admit competent evidence in support of their claims.

38.     Defendants were aware that the conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by obtaining a default judgment against Plaintiff on a debt Defendants knew they would not or could not prove in a court of law.

39. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorneys' fees;

E. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com